IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 02:06cr169-WKW |
| | ) |
| CHARLES DANIEL CRAIG | ) |

**DEFENDANT CHARLES DANIEL CRAIG'S
REQUESTED JURY INSTRUCTIONS**

    Defendant Charles Daniel Craig requests that the Court include the attached instructions in its instructions to the jury.

                                      **s/ Thomas M. Goggans**
                                      Ala. State Bar No. 2222-S45-T
                                      2030 East Second Street
                                      Montgomery AL 36106
                                      PH: 334.834.2511
                                      FX: 334.834.2512
                                      e-mail: tgoggans@tgoggans.com

                                      Attorney for Defendant
                                      Charles Daniel Craig

1

Defendant Charles Daniel Craig's Requested Instruction Number 1

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Eleventh Circuit Pattern Criminal Jury Instruction (Basic Instructions) 2.1

Defendant Charles Daniel Craig's Requested Instruction Number 2

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Eleventh Circuit Pattern Criminal Jury Instruction (Basic Instructions) 2.2

Defendant Charles Daniel Craig's Requested Instruction Number 3

While the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.


Eleventh Circuit Pattern Criminal Jury Instruction (Basic Instructions) No. 3

Defendant Charles Daniel Craig's Requested Instruction Number 4

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Criminal Jury Instruction (Basic Instructions) 5

Defendant Charles Daniel Craig's Requested Instruction Number 5

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

Eleventh Circuit Pattern Jury Instruction (Special Instructions) 1.1

Defendant Charles Daniel Craig's Requested Instruction Number 6

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.  In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.  And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

Eleventh Circuit Pattern Jury Instruction (Special Instructions) 1.2

Defendant Charles Daniel Craig's Requested Instruction Number 7

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. For example, a witness who was using addictive drugs during the time he or she testified about may have an impaired memory concerning the events that occurred during that time. Also, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

Eleventh Circuit Pattern Criminal Jury Instruction (Special Instructions) 1.3

Defendant Charles Daniel Craig's Requested Instruction Number 8

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Eleventh Circuit Criminal Jury Instruction (Basic Instructions) 6.2

Defendant Charles Daniel Craig's Requested Instruction Number 9

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.  Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Eleventh Circuit Pattern Jury Instruction (Basic Instructions) 7

Defendant Charles Daniel Craig's Requested Instruction Number 10

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

Of course, any such statement should not be considered in any way whatever as evidence with respect to any other Defendant on trial.

Eleventh Circuit Pattern Criminal Jury Instruction (Special) 2.2

Defendant Charles Daniel Craig's Requested Instruction Number 11

Title 21, United States Code, Section 846 makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841(a)(1). Section 841(a)(1) makes it a crime for anyone to knowingly possess cocaine base and cocaine hydrochloride with intent to distribute it. So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member. In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme, or that those who were members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

Eleventh Circuit Pattern Criminal Jury Instruction (Offense Instructions) 87

Defendant Charles Daniel Craig's Requested Instruction Number 12

Title 21, United States Code, Section 843(b), makes it a separate Federal crime or offense for anyone to knowingly use a communication facility in committing, or "facilitating" the commission of, another offense in violation of Section 846 such as the crime charged in Count 1.

The Defendant can be found guilty of the offense of unlawful use of a communication facility as charged in Count only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant used a "communication facility," as charged;

Second: That the Defendant used the communication facility while in the process of committing, or to "facilitate" the commission of, the offense charged in Count 1 of the indictment; and

Third: That the Defendant acted knowingly and willfully.

The term "communication facility" includes all mail, telephone, wire, radio, and computer-based communication systems.

Eleventh Circuit Pattern Criminal Jury Instruction (Offense Instructions) 86

Craig's Requested Instruction Number 13

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.


Eleventh Circuit Pattern Criminal Jury Instruction (Basic Instructions) 11

Defendant Charles Daniel Craig's Requested Instruction Number 14

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at anytime, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Eleventh Circuit Pattern Criminal Jury Instruction (Basic Instructions) 12

IN THE UNITED STATED DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 02:06cr169-WKW |
| | ) |
| CHARLES DANIEL CRAIG | ) |

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 28th day of April, 2008, electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of each of the following: **Clark A. Morris, Tommie B. Hardwick**

                                        **s/ Thomas M. Goggans**
                                        Ala.  State Bar No. 2222-S45-T
                                        2030 East Second Street
                                        Montgomery AL 36106
                                        PH: 334.834.2511
                                        FX: 334.834.2512
                                        e-mail: tgoggans@tgoggans.com