IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 2:06cr169-WKW |
| | ) |
| CHARLES DANIEL CRAIG | ) |

**DEFENDANT CHARLES DANIEL CRAIG'S SENTENCING MEMORANDUM**

In determining the sentence in this case, this Court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. See 18 U.S.C. § 3553(a); United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

In Rita v. United States, ___ U.S. ___, 127 S.Ct. 2456, 2474, 167 L.Ed.2d 203 (2007), Justice Stevens wrote in his concurring opinion: "I trust that those judges who have treated the Guidelines as virtually mandatory during the post-Booker interregnum will now recognize that the Guidelines are truly advisory." The decisions in Kimbrough v. United States, ___ U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) and Gall v. United States, ___ U.S. ___, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) have reinforced Justice Stevens' remark. Sentencing courts clearly have the authority to fashion the sort of sentence that fits the crime and the individual.

In <u>Kimbrough</u>, the court described role of the Guidelines in relation to 18 U.S.C. § 3553(a):

> The statute, as modified by <u>Booker</u>, contains an overarching provision instructing district courts to "impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing, including "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a) (2000 ed. and Supp. V). The statute further provides that, in determining the appropriate sentence, the court should consider a number of factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the sentencing range established" by the Guidelines, "any pertinent policy statement" issued by the Sentencing Commission pursuant to its statutory authority, and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Ibid*. In sum, while the statute still requires a court to give respectful consideration to the Guidelines, see <u>Gall v. United States</u>, *ante*, 128 S. Ct. 586, 169 L. Ed. 2d 445, <u>Booker</u> "permits the court to tailor the sentence in light of other statutory concerns as well," 543 U.S., at 245-246, 125 S. Ct. 738.

<u>Kimbrough</u>, 128 S.Ct. at 570.

In <u>Gall</u>, the court rejected the proportionality test that flowed from the holding of many circuit courts that had held that an extraordinary departure required "extraordinary circumstances." <u>Gall</u>, 128 S.Ct. at 594-595. The court went on to describe the Guidelines as a "starting point," but also emphasized the need for an "individualized assessment"

> As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. See *id.*, at , 127 S. Ct. 2456, 168 L. Ed. 2d 203. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the

chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. Id., at , 127 S. Ct. 2456, 168 L. Ed. 2d 203.

Gall, 128 S.Ct. at 596-597.

In this case, the following factors, individually, and in combination warrant a downward departure under the sentencing guidelines or variance from the sentencing guidelines under 18 U.S.C. § 3553(a).

a. There is a disparity in sentences among the defendants in this case. Other defendants with larger roles and worse personal histories received lesser sentences. For example, Terrance Antwan Newkirk was sentenced to 63 months. Cliff Johnson was sentenced to 235 months. Christopher Iman Ulmer was sentenced to 36 months. James Calvin Talley was sentenced to 43 months. James Earl Hubbard was sentenced to 38 months. Roger Walton was sentenced to 48 months. Kowosky Tywn Christian was sentenced to 84 months. Wilmont Timothy Barnett was sentenced to 146 months. Darnell Brown was sentenced to 13 months. The disparity, in and of itself, warrants a downward departure or variance. See, 18 U.S.C. §3553(a)(6)("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"); United States v. Tzoc-Sierra, 387 F.3d 978 (9th Cir. 2004) (downward departure based on disparity of sentences affirmed); United States v. Gray, 362 F.Supp.2d 714 (S.D.W.Va. 2005) (sentence below guideline range imposed to make sentence of defendant same as sentence of co-defendant even though defendant did not accept responsibility where conduct and criminal history comparable).

b. Craig has been unemployed since becoming physically disabled in 1996. However, prior to that, Craig had an impressive employment history. He worked for Lear Seigler for about 5 years in the 1960's. He worked for Chrysler from 1968 to 1982. He worked for Michigan

3

Expediting from 1982 to 1987. He worked for Keystone Corporation as a buffer from 1987 to 1989. He worked for Southeastern Anodizing from 1989 until the early 1990's He worked for the City of Clanton for a year.

    c. Craig is 59 years old and is in poor health. Medical records reflect the following findings and diagnoses as to Craig:

- metallic fragments embedded in his chest wall
- chronic pancreatitis with acute flare up
- seizures
- history of alcohol abuse
- volume depletion
- duodenitus
- gastritis
- ostheoarthritis
- hypertension
- anxiety and depression
- gastroesophageal reflux disease
- bilateral frozen shoulder with chronic rotator cuff tear
- multiple hospitalizations for these problems

His age and poor physical condition warrant a downward departure or variance. Considering Craig's age and physical and mental infirmities, even a statutory minimum sentence might be an effective lifetime sentence for him. See, 18 U.S.C. § 3553(a) (1)(… the history and characteristics of the defendant;(2) the need for the sentence imposed … to protect the public from further crimes of the defendant…."); United States v. Gray, 453 F.3d 1323 (11th Cir. 2006)

(sentence below guidelines reasonable upon consideration of history and characteristics of the defendant, particularly age, prior minimal record, and medical condition); United States v. Hildebrand, 152 F.3d 756 (8th Cir. 1998) (downward departure from guideline range affirmed for defendant who had life-threatening health problems); United States v. Baron, 914 F. Supp. 660 (D. Mass. 1995) (downward departure based on advanced age and physical infirmities).

    d. Craig's criminal history category substantially over-represents the seriousness of his criminal history. See U.S.S.G. § 4A1.3(b)(1). Listed in Craig's criminal history in the presentence report are a misdemeanor marijuana conviction, a DUI conviction, and a felony possession of 24.4 grams of marijuana. One of the bases for elevating the marijuana possession charge to a felony was that Craig has a prior misdemeanor conviction of possession of marijuana. Additionally, the government has posited that the marijuana serving as a basis for that conviction was a part of the charge in this case.

    The "over-arching provision" of 18 U.S.C. § 3553(a) is to "impose a sentence sufficient, but not greater than necessary" to meet the goals of sentencing established by Congress. Kimbrough v. United States, 128 S.Ct. 558, 570 (2007). Even when the Sentencing Guidelines were mandatory, sentencing courts were to treat those before them as individuals. *See* Koon v. United States, 518 U.S. 81, 113 (1996) ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."). Decisions in Booker, Rita, Kimbrough, and Gall and the command of the statute to impose a sentence that is "sufficient, but not greater than necessary," have given sentencing courts greater latitude to impose a sentence that fits the crime and the person before the court. Given these circumstances of this case, Defendant Craig submits that a

5

statutory minimum sentence of ten years would be reasonable and "sufficient."

                    **s/ Thomas M. Goggans**
                    Ala. State Bar No. 2222-S45-T
                    2030 East Second Street
                    Montgomery AL 36106
                    PH; 334.834.2511
                    FX: 334.834.2512
                    e-mail tgoggans@tgoggans.com

                    Attorney for Defendant
                    Charles Daniel Craig

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06cr169-WKW |
| | ) | |
| CHARLES DANIEL CRAIG | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 17th day of July, 2008, electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification to each of the following: A. Clark Morris, Tommie Brown Hardwick.

        **s/ Thomas M. Goggans**
        Ala. State Bar No. 2222-S45-T
        2030 East Second Street
        Montgomery AL 36106
        PH; 334.834.2511
        FX: 334.834.2512
        e-mail tgoggans@tgoggans.com

        Attorney for Defendant
        Charles Daniel Craig